1mv



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 21 1998

Michael N. Milby
Clerk of Court

United States District Court
Southern District of Texas
ENTERED

SEP 21 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

RICARDO GARCIA DAVILA            *

       VS                         *    C.A. NO. B96 069

GARY JOHNSON, DIRECTOR            *
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION

---

RICARDO GARCIA DAVILA, Pro Se

Attorney General (Delane T. Hendrix, Assistant Attorney General), Attorney for Respondent

---

### MEMORANDUM ORDER OF DISMISSAL

---

Before this Court is Respondent's Motion for Summary Judgment and Petitioner's opposition to same. This Court has read the parties' pleadings, considered the issues raised in light of the record and is of the opinion that Respondent's Motion for Summary Judgment should be granted. In support of the aforementioned opinion, this Court files the following findings of fact and conclusions of law.

2

1. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

2. Petitioner, RICARDO GARCIA DAVILA, was charged with second-degree felony robbery, committed February 8, 1993. On June 7, 1993, Petitioner pled guilty as charged and the court assessed punishment at one year in a substance abuse treatment facility and ten-year confinement in the Texas Department of Criminal Justice, Institutional Division.

3. Petitioner did not appeal from the judgment of conviction. He has filed an application for a state writ of habeas corpus challenging this conviction. On November 16, 1994, the Court Criminal Appeals denied the application without written order. <u>Ex parte Davila</u>, Application No. 27,360-1, at cover.

4. In support of his § 2255 Motion Petitioner raises the following grounds:

    1. involuntary guilty plea

    2. breach of the plea bargain agreement

    3. ineffective assistance of counsel

    4. breach of contract

Moreover, Petitioner's only factual allegation is that he had pled guilty with the understanding that he would be sentenced to 1 year confinement and a treatment in a substance abuse treatment facility and a ten-year sentence in prison. Instead he was sentenced to 11 years in prison.

5.  A state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (1996). This is the standard for federal habeas review of state court criminal convictions. Drinkard v. Johnson, 97 F.3d 751, 754 (5th Cir. 1996).

6.  Because the state habeas court adjudicated Petitioner's claim on the merits, this Court cannot grant habeas corpus relief unless it determines that the State court's determination involved an unreasonable application of the

4

law to the facts. <u>Moore v. Johnson</u>, 101 F.3d 1069, 1076 (citing <u>Drinkard v. Johnson</u>, 97 F.3d at 769, to deny petitioner's ineffective assistance of counsel claim, because the state court decision was not "so clearly incorrect as not to be debatable among reasonable jurists"); <u>see</u> 28 U.S.C. § 2254(d) (West 1997).

7. The state habeas court found that Petitioner did not enter into an actual plea bargain. <u>Ex parte Davila</u>, Application No. 27,260-01 at 11. The court further found:

> Applicant's plea packet, at P. 2, provided that the number of years Applicant would be sentenced to, as recommended by the prosecutor, would be determined by this court, except that he would spend 1 year at the substance abuse section of the Texas Department of Corrections, Institutional Division.

<u>Id.</u> Based on these findings and state law, the court denied habeas relief. <u>Id.</u> at 12. The state court's finding is not an unreasonable application of the law to the facts.

8. Petitioner offers only a self-serving, conclusory allegation to support his claim that the plea bargain agreement was broken, and thus that his plea was involuntary. "Absent evidence in the record, a court

cannot consider a habeas petitioner's bold assertions on a critical issue in his **pro se** petition...to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983). Official records, such as "Waiver of Constitutional Rights, Plea of Guilty," are accorded a presumption of regularity and great evidentiary weight. Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir.), cert. denied, 474 U.S. 838, 106 S.Ct. 117 (1985); Williford v. Estelle, 672 F.2d 553 (5th Cir. 1982).

## Conclusion

Because of the forgoing, this Court finds that Respondent's Motion for Summary Judgment should be granted and this cause of action be dismissed with prejudice.

DONE at Brownsville, Texas, this 21 day of September, 1998.

_____
Hilda G. Tagle
United States District Judge